**Mildred POPKIN, Plaintiff,**

v.

**NEW YORK STATE HEALTH AND MENTAL HYGIENE FACILITIES IMPROVEMENT CORPORATION, Defendant.**

No. 75 Civ. 4698–LFM.

United States District Court,
S. D. New York.

March 4, 1976.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, for defendant; Rosalind Fink, Asst. Atty. Gen., of counsel.

Milton Kean, New York City, for plaintiff; Paul H. Kean, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Defendant moves, pursuant to Rule 12(b)(6), Fed.R.Civ.P., for an order dismissing the complaint for failure to state a claim for relief.

The complaint alleges that plaintiff, a woman, was hired as an architect by defendant during January 1968 and that during November 1970 she was informed that her employment would be discontinued no later than January 15, 1971. Plaintiff contends that she was fired because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Defendant asserts on this motion that it is a "political subdivision" of the State of New York and, as such, was specifically exempted from the operation of Title VII at the time the alleged discrimination occurred. Plaintiff, conceding that "political subdivisions" were exempt at that time, argues that defendant is not a "political subdivision," or, if it is, that the 1972 amendments to Title VII eliminating this exemption should be applied retroactively.

There is no precise formula which delineates exactly what makes a particular entity a "political subdivision." Nor does the mere characterization of an entity as a "political subdivision" make it one. Rather, the court must look into the functional relationship between the entity and the state in order to make this determination. See EEOC Decision No. 71–405, CCH Employment Practices 1973 ¶ 6182 (November 5, 1970); *NLRB v. Natural Gas Utility District of Hawkins County, Tenn.,* 402 U.S. 600, 91 S.Ct. 1746, 29 L.Ed.2d 206 (1971).

Defendant was created by Section 4404 of the Unconsolidated Laws of New York (McKinney Supp.1975), after the legislature had made extensive findings, including:

"that the provision of new and improved state facilities relating to the care, maintenance and treatment of the mentally disabled must be accelerated if the state is to meet its responsibilities in the face of an increasing state population, a growing awareness that mental disability can be treated effectively, and new research advances in treatment methods. . . .

To assure that the required facilities are completed and ready for use as promptly as possible, the legislature hereby finds and declares that there should be created a corporate governmental agency . . . which could receive and administer monies for the construction and improvement of mental hygiene facilities and provide such facilities in accordance with the foreseeable needs for the care, maintenance and treatment of the mentally disabled." (§ 4402)

Another section of New York's Unconsolidated Laws, Section 4406, states that the general purpose of the defendant corporation is to provide improved mental health facilities. Defendant is governed by a board of directors, comprised of the commissioners of health and mental hygiene, and three others who are appointed, and may be removed, by the governor (§ 4404). The directors must submit an annual report to the governor and to several state agencies and officials, detailing the corporation's yearly activities (§ 4415).

Defendant has been given broad powers, including the powers to sue and be sued, to acquire real and personal property, to make contracts, and "to do any and all things necessary or convenient to carry out its corporate purposes and exercise the powers given and granted it in this act" (§ 4405). All money and property of the defendant is exempt from taxation (§ 4414), and all its financial matters are strictly prescribed by statute (§§ 4409, 4410).

We find from all of the foregoing that defendant is a "political subdivision" within the meaning of Title VII. We note in particular its direct creation

by the state, its governmental function, and its accountability to the governor and other state officials.

Plaintiff's contention that the 1972 amendments to Title VII, eliminating the "political subdivision" exemption, should be applied retroactively is incorrect. In *Weise v. Syracuse University*, 522 F.2d 397, 410–411 (2d Cir. 1975), it was held specifically that these amendments should not be given retroactive effect where the defendant had been absolutely exempt from coverage, as is the present case. The court emphasized that the retroactive application would result in manifest injustice because in this situation the amendments created new substantive rights.

Accordingly, defendant's motion, pursuant to Rule 12(b)(6), Fed.R.Civ.P., for an order dismissing the complaint for failure to state a claim for relief is granted.

So ordered.